# EXHIBIT 1




STATE OF MICHIGAN

IN THE THIRD JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE

SYDNEY O' DONNELL, an individual, and
ROSS O'DONNELL, an individual

        Plaintiffs,

-vs-

PLAKA RESTAURANT, LLC, a Michigan
Limited Liability Company d/b/a LEVEL TWO,
D&L SECURITY SOLUTIONS, LLC, a Michigan
Limited Liability Company, and LACY POLLARD,
an individual

        Defendants.

CASE NO: 21-013910-NO

HON. ANNETTE J. BERRY

_____/

THE CRONIN LAW FIRM, PLLC
Sabrina Shaheen Cronin (P48699)
Bryan Cermak (P31933)
Attorneys for Plaintiff
21 East Long Lake Road, Suite 250
Bloomfield Hills, MI 48304
(248) 258-3500/(258)258-3501(fax)
Scronin@croninlawfirm.com
Bcermak@croninlawfirm.com
_____/

## FIRST AMENDED COMPLAINT AND RELIANCE UPON JURY DEMAND

**NOW COME** Plaintiffs, SYDNEY O' DONNELL and ROSS O'DONNELL, by and through their attorneys, Sabrina Shaheen Cronin (P48699) and Bryan Cermak (P31933) of The Cronin Law Firm PLLC, and for their First Amended Complaint against Defendants PLAKA RESTAURANT, LLC, a Michigan Limited Liability Company d/b/a LEVEL TWO (hereinafter "Level Two"), D&L SECURITY SOLUTIONS, LLC, a Michigan Limited Liability Company (hereinafter "D&L"), and LACY POLLARD, an individual state as follows:

1

## JURSIDICTION AND VENUE

1. Plaintiffs, Sydney O'Donnell (hereinafter "Sydney") and Ross O'Donnell (hereinafter "Ross") (hereinafter collectively referred to as "Plaintiffs"), are residents of Oakland County, Michigan.

2. Defendant, Plaka Restaurant, LLC, is a Michigan Limited Liability Company located in Wayne County, Michigan that owns, operates, and manages Level Two, a bar and restaurant located in Greektown.

3. Defendant, D&L Security Solutions, LLC, is a Michigan Limited Liability Company located in Wayne County, Michigan that provides security services to various businesses located in the Metro Detroit Area.

4. Defendant, Lacy Pollard (hereinafter "Defendant") is an employee of D&L and was sent to Level Two to provide security services on May 29, 2021.

5. All of the acts and occurrences giving rise to this Complaint took place in Wayne County, Michigan.

6. The amount in controversy exceeds $25,000.00 and is otherwise within the jurisdiction of this Court.

## FACTS

7. Plaintiffs incorporate, by reference, paragraphs 1 through 6, above, as if set forth fully herein, word for word.

8. On May 28, 2021, Plaintiffs (who are siblings) visited the Greektown area in Detroit to enjoy festivities at the Level Two Bar.

9. Plaintiffs stayed at Level Two until early Saturday morning, May 29, 2021, when they were asked to leave the Level Two property.

2

10. Plaintiffs were surprised that they were being asked to leave Level Two, but nonetheless complied with this request.

11. As Plaintiffs exited the Level Two premises, Ross asked Defendant why he was being asked to leave. In response, for reasons unknown to the Plaintiffs, Defendant placed Ross in a chokehold and violently pushed him against a wall and shoved him to the ground.

12. An unknown male witnessed the altercation, helped Ross off the ground and tried to diffuse the situation, to no avail.

13. Instead of leaving well enough alone, Defendant repeatedly screamed "Go Home!" at the Plaintiffs and began to walk aggressively toward them.

14. Sydney, not knowing why Ross was violently thrown to the ground, told Defendant to stop touching her brother.

15. For reasons unknown to Sydney, Defendant then struck Sydney in the face, causing her to fall face first into a nearby light pole.

16. Fortunately, both of Defendant's attacks were captured on video.

17. Sydney reported the incident to the Detroit Police Department which report was assigned case number 210614-0289.

18. Upon information and belief, a criminal prosecution of Defendant is currently being considered by the Wayne County Prosecutor's office.

19. As a result of Defendant's violent and unprovoked attacks, Sydney sustained severe injuries including, but not limited to:

   a) anxiety and restlessness;

   b) bruised and lacerated lip;

   c) bi-temporal pressure headaches;

CRONIN LAW FIRM
21 EAST LONG LAKE ROAD, SUITE 250   BLOOMFIELD HILLS, MICHIGAN 48304
TELEPHONE (248) 258-3500   FACSIMILE (248) 258-3501

Document received by the MI Wayne 3rd Circuit Court.

    d) concussion;

    e) emotional distress;

    f) humiliation, mortification, and embarrassment;

    g) lightheadedness;

    h) overwhelming depression and anxiety;

    i) general pain and suffering;

    j) photophobia;

    k) bruised and sore knee; and

    l) post-traumatic stress disorder.

20. As a result of Defendant's violent and unprovoked attacks, Ross suffered from severe injuries including, but not limited to:

    a) anxiety and restlessness;

    b) emotional distress;

    c) headaches;

    d) humiliation, mortification, and embarrassment;

    e) general pain and suffering;

    f) sore back;

    g) bruising; and

    h) post-traumatic stress disorder.

21. Upon information and belief, Level Two has consistently employed (and/or contracted) overly aggressive security staff who have assaulted Level Two customers prior to Defendant's attack on Plaintiffs.

CRONIN LAW FIRM
21 EAST LONG LAKE ROAD, SUITE 250   BLOOMFIELD HILLS, MICHIGAN 48304
TELEPHONE (248) 258-3500   FACSIMILE (248) 258-3501

Document received by the MI Wayne 3rd Circuit Court.

22. Shortly after the incident, Fox 2 Detroit posted a news article featuring various videos of the occurrence and interviews with shocked citizens voicing their disgust with Defendant's actions and disdain for Level Two's treatment of its patrons.

23. After posting of the news article, on Fox 2 Detroit's Facebook page, many individuals posted stories of being involved in similar incidents at Level Two with, they believe, Defendant.

## COUNT I
## ASSAULT AND BATTERY

24. Plaintiffs incorporate, by reference, paragraphs 1 through 23, above, as if set forth fully herein, word for word.

25. On the sidewalk outside of the Level Two property, Defendant made intentional and unlawful threats (through his actions and words) to do bodily injury to Plaintiffs.

26. The threats to Plaintiffs were made under circumstances that created in both Plaintiffs a well-founded fear of imminent peril.

27. Defendant had the apparent imminent ability to attack and perform bodily harm on Plaintiffs.

28. Defendant willfully and intentionally intended to, and did, cause harmful and offensive contact with Plaintiffs through physical bodily contact by choking and shoving Ross to the ground and by striking Sydney.

29. Plaintiffs did not instigate or otherwise provoke the attack by the Defendant.

30. As a direct and proximate result of Defendant's assault, Plaintiffs have suffered physical, mental, and emotional injuries and damages as set forth above.

**WHEREFORE** Plaintiffs, SYDNEY O'DONNELL and ROSS O'DONNELL, request a judgment against Defendant LACY POLLARD for an amount in excess of $25,000.00 to which

they may be found to be entitled, as a result of Defendant's assault and battery, together with an award of exemplary damages, interest, costs, and attorney fees.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiffs incorporate, by reference, paragraphs 1 through 30, above, as if set forth fully herein, word for word.

32. Defendant's conduct, as set forth herein, was intentional.

33. Defendant's conduct, as set forth herein, was extreme, outrageous, and of such a character that it is not to be tolerated by a civilized society.

34. Defendant's conduct, as set forth herein, was for an ulterior motive or purpose; to wit: to physically harm Plaintiffs and destroy Plaintiffs' reputation in the community by humiliating and assaulting the Plaintiffs outside of Level Two in view of several patrons and onlookers.

35. Defendant's conduct directly resulted in Plaintiffs sustaining severe and serious emotional distress.

36. As a direct and proximate result of Defendant's conduct, Plaintiffs have sustained damages as set forth above.

**WHEREFORE** Plaintiffs, SYDNEY O'DONNELL and ROSS O'DONNELL, request a judgment against Defendant LACY POLLARD for an amount in excess of $25,000 to which they may be found to be entitled, for the severe emotional distress caused by Defendant, together with an award of exemplary damages, interest, costs, and attorney fees.

6

## COUNT III
## FALSE IMPRISONMENT

37. Plaintiffs incorporate, by reference, paragraphs 1 through 36, above, as if set forth fully herein, word for word.

38. Ross was imprisoned, restrained, detained, and confined by Defendant when he intentionally and willfully grabbed and held Ross by the neck and throat which deprived Ross of his personal liberty and freedom of movement.

39. The detention by Defendant was against Ross's will.

40. Defendant accomplished the false imprisonment of Ross by actual physical force.

41. The false imprisonment of Ross by Defendant was unprovoked, unjustified, and unlawful.

42. As a direct and proximate result of Defendant's conduct, Ross has sustained damages as set forth above.

**WHEREFORE** Plaintiff, ROSS O'DONNELL, requests a judgment against Defendant LACY POLLARD for an amount in excess of $25,000 to which he may be found to be entitled resulting from his false imprisonment by Defendant, together with an award of exemplary damages, interest, costs, and attorney fees.

## COUNT IV
## NEGLIGENCE – DEFENDANT LEVEL TWO

43. Plaintiffs incorporate, by reference, paragraphs 1 through 42, above, as if set forth fully herein, word for word.

44. Level Two is an establishment where patrons come to enjoy drinks and food as well as to socialize with other members of the public.

45. It was the duty of Defendant Level Two, in connection with the operation and maintenance of its business, to use ordinary care for the safety of its patrons, including the Plaintiffs.

46. Level Two breached its duty of care and was negligent in several ways including; but not limited to, failing to:

   a) Undertake measures as were reasonably necessary, such as adequate employee training, to diffuse tense situations between security and patrons;

   b) Take reasonable precautions to be aware of and terminate employees and/or contractors for aggressive interactions with customers;

   c) Provide channels for affected patrons to express their grievances regarding the Level Two staff;

   d) Provide a safe environment for its patrons and staff;

   e) Exercise due care to mitigate unreasonable risks of assault and battery conducted by employees and or/ contractors of Level Two; and

   f) Taking other reasonable and necessary steps as may be identified during discovery.

47. As a direct and proximate result of Defendant Level Two's negligence, Plaintiffs have sustained damages as set forth above.

**WHEREFORE** Plaintiffs, SYDNEY O'DONNELL and ROSS O'DONNELL, request a judgment against Defendant LEVEL TWO in excess of $25,000.00 to which they may be found to be entitled, resulting from Level Two's negligence, together with an award of interest, costs, and attorney fees.

## COUNT V
## NEGLIGENCE – DEFENDANT D&L

48. Plaintiffs incorporate, by reference, paragraphs 1 through 47, above, as if set forth fully herein, word for word.

CRONIN LAW FIRM
21 EAST LONG LAKE ROAD, SUITE 250   BLOOMFIELD HILLS, MICHIGAN 48304
TELEPHONE (248) 258-3500   FACSIMILE (248) 258-3501

Document received by the MI Wayne 3rd Circuit Court.

49. D&L is a company who provides security services to various businesses in the Metro Detroit Area establishment where patrons come to enjoy drinks and food as well as to socialize with other members of the public.

50. Level Two is a restaurant and bar, and in connection with the operation and maintenance of its business, it routinely relied on D&L to provide security services in order maintain the safety at its establishment for its patrons at all times.

51. In connection with providing security services to Level Two's patrons, D&L had a duty to use ordinary care, for the safety of all Level Two's patrons, including the Plaintiffs.

52. D&L breached its duty of care and was negligent in several ways including; but not limited to, failing to:

   a) Undertake measures as were reasonably necessary, such as adequate employee training, to diffuse tense situations between security and patrons;

   b) Take reasonable precautions to be aware of and terminate employees and/or contractors for aggressive interactions with customers;

   c) Provide channels for affected patrons to express their grievances regarding the D&L staff;

   d) Provide a safe environment for Level Two's patrons and staff;

   e) Exercise due care to mitigate unreasonable risks of assault and battery conducted by employees and or/ contractors of D&L; and

   f) Taking other reasonable and necessary steps as may be identified during discovery.

53. As a direct and proximate result of Defendant D&L's negligence, Plaintiffs have sustained damages as set forth above.

**WHEREFORE** Plaintiffs, SYDNEY O'DONNELL and ROSS O'DONNELL, request a judgment against Defendant D&L in excess of $25,000.00 to which they may be found to be entitled, resulting from D&L's negligence, together with an award of interest, costs, and attorney fees.

Document received by the MI Wayne 3rd Circuit Court.

## COUNT VI
## RESPONDEAT SUPERIOR

54. Plaintiffs incorporate, by reference, paragraphs 1 through 53, above, as if set forth fully herein, word for word.

55. Defendant D&L is liable for all actions of its employees and/or contractors committed during the scope of their employment and/or contract with Level Two, under the doctrine of Respondeat Superior.

56. At all times discussed in, and relevant to, this Complaint, Defendant was an employee of Defendant D&L, to provide security services for Level Two.

57. At all times discussed in, and relevant to, this Complaint, Defendant acted within the scope of his employment, or contract, with Level Two.

58. In the event Defendant is found liable to the Plaintiffs for Assault, Battery, Intentional Infliction of Emotional Distress, False Imprisonment, or Negligence, then D&L is liable to the Plaintiffs under the doctrine of Respondeat Superior.

**WHEREFORE** Plaintiffs, SYDNEY O'DONNELL and ROSS O'DONNELL, request a judgment against Defendant D&L in excess of $25,000.00 to which they may be found to be entitled under the doctrine of Respondeat Superior, together with interest, costs, and attorney fees.

Document received by the MI Wayne 3rd Circuit Court.

"I declare that the statements contained in this Complaint and same are true and correct to the best of my information, knowledge and belief." MCR 2.114(B)(2)(b).

Dated: 12/ 6 /21

_____
Sydney O'Donnell

STATE OF MICHIGAN )
                   )ss
COUNTY OF Kent    )

On this 6th day of **December, 2021**, before me personally, came the above-named SYDNEY O'DONNELL, and made oath that she has read the foregoing Verified Complaint, by her subscribed, and knows the contents thereof and that the same is true of her own knowledge, except as to the matters which are therein stated to be on her information and belief, and as to those matters, she believes to be true.

Anthony Long, Notary Public
Oakland County, Michigan
My Commission Expires: 02/25/2027
Acting in Kent County, Michigan

ANTHONY LONG
Notary Public - State of Michigan
County of Kent
My Commission Expires Feb 25, 2027
Acting in the County of Kent

Dated: 12/ /21

_____
Ross O'Donnell

STATE OF MICHIGAN )
                   )ss
COUNTY OF _____ )

On this ____ day of **December, 2021**, before me personally, came the above-named ROSS O'DONNELL, and made oath that he have read the foregoing Verified Complaint, by him subscribed, and knows the contents thereof and that the same is true of their own knowledge, except as to the matters which are therein stated to be on his information and belief, and as to those matters, he believes to be true.

_____, Notary Public
Oakland County, Michigan
My Commission Expires: _____
Acting in _____ County, Michigan

Dated: December 10, 2021

Respectfully Submitted:

THE CRONIN LAW FIRM, PLLC

/s/ Bryan Cermak /
Sabrina Shaheen Cronin (P48699)
Bryan Cermak (P56468)
Attorneys for Plaintiff
21 East Long Lake, Suite 250
Bloomfield Hills, Michigan 48304
(248) 258-3500
Scronin@croninlawfirm.com
Bcermak@croninlawfirm.com

11

"I declare that the statements contained in this Complaint and same are true and correct to the best of my information, knowledge and belief." MCR 2.114(B)(2)(b).

Dated: 12/___/21

_____
**Sydney O'Donnell**

STATE OF MICHIGAN )
)ss
COUNTY OF _____ )

On this ____ day of **December, 2021**, before me personally, came the above-named SYDNEY O'DONNELL, and made oath that she has read the foregoing Verified Complaint, by her subscribed, and knows the contents thereof and that the same is true of her own knowledge, except as to the matters which are therein stated to be on her information and belief, and as to those matters, she believes to be true.

_____, Notary Public
Oakland County, Michigan
My Commission Expires: _____
Acting in _____ County, Michigan

Dated: 12/7/21

_____
**Ross O'Donnell**

STATE OF MICHIGAN )
)ss
COUNTY OF Kalamazoo )

On this __7__ day of **December, 2021**, before me personally, came the above-named ROSS O'DONNELL, and made oath that he have read the foregoing Verified Complaint, by him subscribed, and knows the contents thereof and that the same is true of their own knowledge, except as to the matters which are therein stated to be on his information and belief, and as to those matters, he believes to be true.

Megan J. Burtch, Notary Public
Oakland County, Michigan
My Commission Expires: 12/21/2027
Acting in Kalamazoo County, Michigan

Dated: 12/7 2021

MEGAN J. BURTCH
NOTARY PUBLIC, STATE OF MICHIGAN
COUNTY OF KALAMAZOO
My Commission Expires 12-21-2027
Acting in the County of Kalamazoo

Respectfully Submitted:

THE CRONIN LAW FIRM, PLLC

/s/ Bryan Cermak
Sabrina Shaheen Cronin (P48699)
Bryan Cermak (P56468)
Attorneys for Plaintiff
21 East Long Lake, Suite 250
Bloomfield Hills, Michigan 48304
(248) 258-3500
Scronin@croninlawfirm.com
Bcermak@croninlawfirm.com

11

## RELIANCE ON JURY DEMAND

**NOW COME** Plaintiffs, SYDNEY O'DONNELL and ROSS O'DONNELL, by and through their attorneys of THE CRONIN LAW FIRM, PLLC, and hereby relies on the jury demand previously filed in the within cause of action.

                Respectfully Submitted,

                THE CRONIN LAW FIRM, PLLC

Dated: December 10, 2021

/s/ Bryan Cermak        /
Sabrina Shaheen Cronin (P48699)
Bryan Cermak (P56468)
Attorneys for Plaintiff
21 East Long Lake, Suite 250
Bloomfield Hills, Michigan 48304
(248) 258-3500
Scronin@croninlawfirm.com
Bcermak@croninlawfirm.com

CRONIN LAW FIRM
21 EAST LONG LAKE ROAD, SUITE 250  BLOOMFIELD HILLS, MICHIGAN 48304
TELEPHONE (248) 258-3500  FACSIMILE (248) 258-3501

Document received by the MI Wayne 3rd Circuit Court.