UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**PLAKA RESTAURANT, LLC,** *et al.*,<br><br>Defendants. | 2:22-CV-10620-TGB-KGA<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF NO. 22)** |

Associated Industries Insurance Company, Inc. has moved for summary judgment in this insurance coverage dispute. (ECF No. 22.) It sued Plaka Restaurant LLC, its security company, and a security guard, seeking an order declaring that it has no duty to defend Plaka in a state court case filed by two of the restaurant's patrons. (ECF No. 1.) The patrons (who are also named as defendants in this case) claim that the guard assaulted them. (ECF No. 1-1.)

The Clerk of the Court has entered defaults against Plaka and the security company. (ECF Nos. 16, 20.) The security guard has not yet been located or served. The patrons, meanwhile, have stipulated that they do not oppose the relief that Associated Industries requests. (ECF No. 13.)

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,"

1

demonstrate that there are no genuine material factual disputes and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Here, Plaka and the security company have failed to defend or appear in the case at all, and the security guard has not yet been served with process. Federal Rule of Civil Procedure 55 governs these sorts of situations. Rule 55 provides, in relevant part, that:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . .
>
> In all other cases, the party must apply to the court for a default judgment.

In other words, after the Clerk enters a default against a party, the plaintiff must request judgment from the Clerk or file a motion for a default judgment. Associated Industries has done neither.

The Court cannot enter summary judgment against defendants who have not been served with process or have not had an opportunity to conduct discovery. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994); *Fowler v. Tyndale Pub. House*, 2009 WL 2488057, at *1 (E.D. Mich. Aug. 12, 2009). If Associated Industries believes it is entitled to judgment against the defaulted defendants, the proper course of action is to move for a default judgment under Rule 55.

Accordingly, the motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**, this 9th day of January, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge