UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASSOCIATED INDUSTRIES INSURANCE
COMPANY, INC.

                                Case No. 2:22-cv-10620-TGB-KGA

      Plaintiff,                  Hon. Terrence G. Berg

v

PLAKA RESTAURANT, LLC, SIDNEY
O'DONNELL, ROSS O'DONNELL, D&L
SECURITY SOLUTIONS, LLC, and LACEY
POLLARD,

      Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Bryan Cermak (P31933) |
| Attorney for Plaintiff | Sabrina Shaheen Cronin (P48699) |
| 1050 Wilshire Drive, Suite 320 | Attorneys for the O'Donnells |
| Troy, MI 48084 | Cronin Law Firm |
| (248) 649-7800 | 21 E. Long Lake Rd., Ste. 250 |
| (248)649-2316 (fax) | Bloomfield Hills, MI  48304-2354 |
| mschmidt@harveykruse.com | (248) 258-3500 |
| | bcermak@callcroninlaw.com |

_____/

## MOTION FOR DEFAULT JUDGMENT BY PLAINTIFF ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. AS TO DEFENDANTS PLAKA RESTAURANT, LLC AND D&L SECURITY SOLUTIONS, LLC PURSUANT TO FED.R.CIV.P. 55 AND NOTICE OF HEARING THEREON

## ORAL ARGUMENT REQUESTED

PLEASE TAKE NOTICE that on a date and time to be set by the Court, the

plaintiff, Associated Industries Insurance Company, Inc., will move for entry of

default judgment under Fed.R.Civ.P. 55(b)(2) against defendants Plaka Restaurant,

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

LLC and D&L Security Solutions, LLC. This motion is based upon the record and files in this cause and is supported by a brief filed with this motion.

Pursuant to Local Rule 7.1(a) concurrence has not been obtained from either defendant because both are in default. Defendant Plaka Restaurant, LLC is in default per the Clerk's Entry of Default dated June 1, 2022 (ECF No. 16, PageID. 309). Defendant D&L Security Solutions, LLC is in default per the Clerk's Entry of Default dated July 21, 2022 (ECF No. 20, PageID. 320).

Respectfully submitted

HARVEY KRUSE, P.C.

BY: /s/ *Michael F. Schmidt*
Michael F. Schmidt P25213
Attorney for Plaintiff
1050 Wilshire Dr., Suite 320
Troy, Michigan 48084-1526
(248) 649-7800
mschmidt@harveykruse.com

Dated: January 20, 2023

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASSOCIATED INDUSTRIES INSURANCE
COMPANY, INC.

Case No. 2:22-cv-10620-TGB-KGA

    Plaintiff,               Hon. Terrence G. Berg

v

PLAKA RESTAURANT, LLC, SIDNEY
O'DONNELL, ROSS O'DONNELL, D&L
SECURITY SOLUTIONS, LLC, and LACEY
POLLARD,

    Defendants.

_____/

| | |
|---|---|
| Michael F. Schmidt P25213 | Bryan Cermak (P31933) |
| Attorney for Plaintiff | Sabrina Shaheen Cronin (P48699) |
| 1050 Wilshire Drive, Suite 320 | Attorneys for the O'Donnells |
| Troy, MI 48084 | Cronin Law Firm |
| (248) 649-7800 | 21 E. Long Lake Rd., Ste. 250 |
| (248)649-2316 (fax) | Bloomfield Hills, MI  48304-2354 |
| mschmidt@harveykruse.com | (248) 258-3500 |
| | bcermak@callcroninlaw.com |

_____/

**BRIEF IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT BY PLAINTIFF ASSOCIATED
INDUSTRIES INSURANCE COMPANY, INC. AS TO DEFENDANTS
PLAKA RESTAURANT, LLC AND D&L SECURITY SOLUTIONS, LLC
PURSUANT TO FED.R.CIV.P. 55(b)(2)**

**ORAL ARGUMENT REQUESTED**

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

## <u>**TABLE OF CONTENTS**</u>

Index of Authorities ........................................................... ii

Concise Statement of Question Presented ....................................... iv

Controlling and Most Appropriate Authority ................................... v

Statement of Material Facts .................................................. 1

Argument...................................................................... 12

    I.      Standard of Review ................................................... 12

    II.     General Rules of Insurance Contract Analysis ........................... 12

    III.    There is no Coverage A Bodily Injury and Property Damage Liability Coverage Because There has Been no "Occurrence" as Defined by the Policy .............................................................. 13

    IV.    Coverage is Also Excluded by Policy Exclusions ....................... 16

    V.     The Exclusion – Assault and Battery Endorsement Also Excludes Coverage............................................................... 17

    VI.    The Policy Provisions Also Exclude any Duty to Defend ........... 21

    VII.   The Policy Also Excludes Coverage for Punitive Damages........ 23

    VIII.  Associated Industries Insurance is Entitled to Default Judgment Against the Defendants Plaka Restaurant, LLC and D&L Security Solutions, LLC That Associated Industries Insurance has no Duty to Provide Coverage or a Defense to Plaka Restaurant, LLC or any Other Party for any of the Claims Made Against Them in the Underlying Action ............................................................... 23

Relief Requested ............................................................. 25

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

i

# INDEX OF AUTHORITIES

**Cases**

*American Bumper v Hartford Insurance,*
452 Mich 440; 550 NW2d 475 (1996)........................................................ 22

*Auto Club v Burchell,*
249 Mich App 468; 642 NW2d 406 (2001)............................................ 15, 17, 22

*Auto-Owners v Churchman,*
440 Mich 560; 489 NW2d 431 (1992)........................................................ 12

*Besic v Citizens Insurance,*
290 Mich App 19; 800 NW2d 93 (2010)..................................................... 17

*Century Mutual v Paddock,*
168 Mich App 747 (1988);............................................................... 17, 22

*Century Surety Company v Charron,*
230 Mich App 79; 583 NW2d 486 (1998)................................................. v, 20

*Frankenmuth Mutual v Beyer,*
153 Mich App 118; 395 NW2d 36 (1986)..................................................... 17

*Frankenmuth Mutual v Masters,*
460 Mich 105; 595 NW2d 832 (1999)..................................................... 13, 22

*Henderson v State Farm,*
460 Mich 348; 596 NW2d 190 (1999)........................................................ 12

*Illinois Employers Insurance of Wausau v Dragovich,*
139 Mich App 502; 362 NW2d 767 (1984)............................................... v, 19

*Liberty Ins Corp v Bowles,*
36 FSupp3d 756 (ED Mich, 2014)...................................................... 16, 17, 22

*Protective National Insurance v Woodhaven,*
438 Mich 154; 476 NW2d 374 (1991)........................................................ 21

*Rory v Continental Ins Co,*
473 Mich 457; 703 NW2d 23 (2005)......................................................... 12

*Skanska USA v MAP,*
505 Mich 368; 952 NW2d 402 (2020)........................................................ 13

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

*Smorch v Auto Club,*
    179 Mich App 125; 445 NW2d 192 (1989) .................................................. 15, 16, 22

*State Mutual v Russell,*
    185 Mich App 521; 462 NW2d 785 (1990) .................................................. 16, 17, 22

*United Specialty Insurance Company v Cole's Place, Inc.,*
    936 F3d 386 (6th Cir. 2019) ........................................................................ v, 20

Rules

Fed.R.Civ.P. 55(b)(2) ......................................................................................... iv, v, 12

Fed.R.Civ.P. 56 ....................................................................................................... 12

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

### CONSCISE STATEMENT OF QUESTION PRESENTED

1. Whether plaintiff Associated Industries Insurance Company, Inc. is entitled to a default judgment per Fed.R.Civ.P. 55(b)(2) against defendants Plaka Restaurant, LLC and D&L Security Solutions, LLC that plaintiff Associated Industries Insurance Company, Inc. has no duty to provide coverage or a defense to Plaka Restaurant, LLC in the lawsuit filed by *Sidney O'Donnell and Ross O'Donnell v Plaka Restaurant, LLC and D&L Security Solutions, LLC and Lacey Pollard, an individual,* Wayne County Civil Action No. 21-013910-NI?

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

## <u>CONTROLLING AND MOST APPROPRIATE AUTHORITY</u>

1. Fed.R.Civ.P. 55(b)(2).

2. *United Specialty Insurance Company v Cole's Place, Inc.,* 936 F3d 386 (6th Cir. 2019)

3. *Illinois Employers Insurance of Wausau v Dragovich,* 139 Mich App 502; 362 NW2d 767 (1984).

4. *Century Surety Company v Charron,* 230 Mich App 79; 583 NW2d 486 (1998).

## <u>STATEMENT OF MATERIAL FACTS</u>

1.      Associated Industries Insurance Company, Inc. ("Associated Industries Insurance") has filed a declaratory complaint naming as defendants Plaka Restaurant, LLC, Sidney O'Donnell, Ross O'Donnell, D&L Security Solutions, LLC and Lacey Pollard.  (ECF No. 1, PageID. 1-12).

2.      Associated Industries Insurance issued a Commercial General Liability Policy to Plaka Restaurant, LLC DBA: The Greek and Level 2, policy no. AES 1205232 00 with a policy period from 12/13/2020 to 12/13/2021.  (ECF No. 1, PageID. 3-4; ECF No. 1-2, PageID. 127-133).

3.      The declaratory complaint alleges that Associated Industries Insurance has no duty to provide coverage or a defense to Plaka Restaurant, LLC or any other party for any of the allegations made against them in an underlying action.  (ECF No. 1, PageID. 10-11).

4.      The underlying action was filed by *Sidney O'Donnell and Ross O'Donnell v Plaka Restaurant, LLC, d/b/a Level Two, D&L Security Solutions, LLC and Lacey Pollard,* Wayne County Civil Action No. 21-013910-NO (ECF No. 1-1, PageID. 13-26).

5.      The underlying complaint alleges:

4.      Defendant, Lacy Pollard (hereinafter "Defendant") is an employee of D&L and was sent to Level Two to provide security services on May 29, 2021.

\* \* \* \*

1

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

8.     On May 28, 2021, Plaintiffs (who are siblings) visited the Greektown area in Detroit to enjoy festivities at the Level Two Bar.

9.     Plaintiffs stayed at Level Two until early Saturday morning, May 29, 2021, when they were asked to leave the Level Two property.

10.    Plaintiffs were surprised that they were being asked to leave Level Two, but nonetheless complied with this request.

11.    As Plaintiffs exited the Level Two premises, Ross asked Defendant why he was being asked to leave.  In response, for reasons unknown to the Plaintiffs, Defendant placed Ross in a chokehold and violently pushed him against a wall and shoved him to the ground.

12.    An unknown male witnessed the altercation, helped Ross off the ground and tried to diffuse the situation, to no avail.

13.    Instead of leaving well enough alone, Defendant repeatedly screamed "Go Home!" at the Plaintiffs and began to walk aggressively toward them.

14.    Sydney, not knowing why Ross was violently thrown to the ground, told Defendant to stop touching her brother.

15.    For reasons unknown to Sydney, Defendant then struck Sydney in the face, causing her to fall face first into a nearby light pole.

* * * *

21.    Upon information and belief, Level Two has consistently employed (and/or contracted) overly aggressive security staff who have assaulted Level Two customers prior to Defendant's attack on Plaintiffs. (ECF No. 1-1, PageID. 15-17).

6.     The underlying complaint alleges against Plaka Restaurant, LLC Level Two, Count I – Assault and Battery, Count II – Intentional Infliction of Emotional Distress, Count III – False Imprisonment, and Count IV – Negligence – Defendant Level Two:

## COUNT I
## ASSAULT AND BATTERY

* * * *

2

25. On the sidewalk outside of the Level Two property, Defendant made intentional and unlawful threats (through his actions and words) to do bodily injury to Plaintiffs.

26. The threats to Plaintiffs were made under circumstances that created in both Plaintiffs a well-founded fear of imminent peril.

27. Defendant had the apparent imminent ability to attack and perform bodily harm on Plaintiffs.

28. Defendant willfully and intentionally intended to, and did, cause harmful and offensive contact with Plaintiffs through physical bodily contact by choking and shoving Ross to the ground and by striking Sydney.

29. Plaintiffs did not instigate or otherwise provoke the attack by the Defendant.

\* \* \* \*

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
\* \* \* \*

32. Defendant's conduct, as set forth herein, was intentional.

33. Defendant's conduct, as set forth herein, was extreme, outrageous, and of such a character that it is not to be tolerated by a civilized society.

34. Defendant's conduct, as set forth herein, was for an ulterior motive or purpose; to wit: to physically harm Plaintiffs and destroy Plaintiffs' reputation in the community by humiliating and assaulting the Plaintiffs outside of Level Two in view of several patrons and onlookers.

35. Defendant's conduct directly resulted in Plaintiffs sustaining severe and serious emotional distress.

\* \* \* \*

## COUNT III
## FALSE IMPRISONMENT
\* \* \* \*

38. Ross was imprisoned, restrained, detailed, and confined by Defendant when he intentionally and willfully grabbed and held Ross by the neck and throat which deprived Ross of his personal liberty and freedom of movement.

39. The detention by Defendant was against Ross's will.

40. Defendant accomplished the false imprisonment of Ross by actual physical force.

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526 248-649-7800

41.    The false imprisonment of Ross by Defendant was unprovoked, unjustified, and unlawful.

* * * *

## COUNT IV
## NEGLIGENCE – DEFENDANT LEVEL TWO

* * * *

44.    Level Two is an establishment where patrons come to enjoy drinks and food as well as to socialize with other members of the public.

45.    It was the duty of Defendant Level Two, in connection with the operation and maintenance of its business, to sue ordinary care for the safety of its patrons, including the Plaintiffs.

46.    Level Two breached its duty of care and was negligent in several ways including; but not limited to, fail to:

a)    Undertake measures as were reasonably necessary, such as adequate employee training, to diffuse tense situations between security and patrons;

b)    Take reasonable precautions to be aware of and terminate employees and/or contractors for aggressive interactions with customers;

c)    Provide channels for affected patrons to express their grievances regarding the Level Two staff;

d)    Provide a safe environment for its patrons and staff;

e)    Exercise due care to mitigate unreasonable risks of assault and battery conducted by employees and or/ contractors of Level Two ; and

f)    Taking other reasonable and necessary steps as may be identified during discovery.  (ECF No. 1-1, PageID. 18-21).

7.    The Associated Industries Policy provides the following Insuring Agreement for Coverage A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

4

1.      **Insuring Agreement**

   **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)**     The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

   **b.**     This insurance applies to "bodily injury" and "property damage" only if:

   **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)**     The "bodily injury" or "property damage" occurs during the policy period; and
   
   . . . . (ECF No. 1-2, PageID. 50)

8.      The Associated Industries Policy provides the following Insuring Agreement for Coverage B PERSONAL AND ADVERTISING INJURY LIABILITY:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1.      **Insuring Agreement**

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

        **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        **(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

    **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.  (ECF No. 1-2, PageID. 54)

9.     The Associated Industries Policy contains the following definitions:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

. . . .

The Declarations of the policy lists the Named Insured and Address:

Plaka Restaurant, LLC
The Greek and Level Two
535 Monroe St.
Detroit, MI  48226

**SECTION II – WHO IS AN INSURED**

**1.**     If you are designated in the Declarations as:

           . . . .

    **c.**     A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

           . . . .

**2.**     Each of the following is also an insured:

    **a.**     Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

           . . . .

**SECTION V – DEFINITIONS**

           . . . .

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

           . . . .

**5.**     "Employee" includes a "leased worker."  "Employee" does not include a "temporary worker."

           . . . .

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**     False arrest, detention or imprisonment;

    **b.**     Malicious prosecution;

    **c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**     Oral or written publication, in any manner, of material that violates a person's right of privacy;

HARVEY KRUSE

A PROFESSIONAL CORPORATION

ATTORNEYS & COUNSELORS

1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

7

**f.**   The use of another's advertising idea in your "advertisement"; or

**g.**   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

. . . .

**19.**   "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**20.**   "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you. (ECF No. 1-2, PageID. 32, 50, 57-58, 61, 63, 64)

10.   The Associated Industries Policy contains the following exclusions for

Coverage A:

**2.**   **Exclusions**

This insurance does not apply to:

**a.**   **Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . . .

**o.**   **Personal And Advertising Injury**
"Bodily injury" arising out of "personal and advertising injury."  (ECF No. 1-2, PageID. 51, 54)

11.   The Associated Industries Insurance Policy contains the following

exclusions for Coverage B:

**2.**   **Exclusions**

This insurance does not apply to:

**a.**   **Knowing Violation Of Rights Of Another**
"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

8

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

**b.   Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

· · · ·

**d.   Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.  (ECF No. 1-2, PageID. 54, 55).

12.    The    Associated    Industries    Policy    contains    the    following

EXCLUSION – PUNITIVE DAMAGES Endorsement:

The following Exclusion is added to **SECTION I – COVERAGES,** paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** paragraph **2 Exclusions** of **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY** AND TO **section I – liquor liability coverage** paragraph **2. Exclusions**:

**1.     Exclusions**

This insurance does not apply to:

**Punitive Damages**

Any claim of or indemnification for punitive or exemplary damages.  If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.  (ECF No. 1-2, PageID. 104).

13.    The    Associated    Industries    Policy    contains    the    following

EXCLUSION – ASSAULT AND BATTERY Endorsement:

**A.**    The following Exclusion is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2. Exclusions** of **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**:

**2.     Exclusions**

**HARVEY KRUSE**    A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

Notwithstanding any other provision of this policy, this insurance does not apply to:

**Assault and Battery**

Any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury" arising out of, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever, including, but not limited to claims of negligent or improper hiring practices, negligent, improper or non-existent supervision of employees, patrons, or guests and negligence in failing to protect customers, patrons or guests. As used above, "assault" and "battery" include sexual assault and/or sexual battery.

We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.  (ECF No. 1-2, PageID. 108).

14.   The Associated Industries Policy contains the following STANDARD ADDITIONAL EXCLUSIONS Endorsement 3. EXCLUSION- DUTY TO DEFEND:

**SECTION I – COVERAGES**, Paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, and Paragraph **2. Exclusions** of **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY** are amended to add the following:

Where there is no coverage under this policy, there is no duty to defend.  (ECF No. 1-2, PageID. 125)

15.   As will be set forth in the following Argument section of this brief, Associated Industries Insurance has no duty to provide coverage or a defense to Plaka Restaurant, LLC or any other party for any claims made in the underlying action pursuant to the Associated Industries Policy.

**HARVEY KRUSE**   ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION   1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

16.   The declaratory complaint was served on the defendant Plaka Restaurant, LLC who failed to plead or otherwise defend and the Clerk's Entry of Default was entered on June 1, 2022.  (ECF No. 16, PageID. 309).

17.   The declaratory complaint was served on the defendant D&L Security Solutions, LLC who failed to plead or otherwise defend and the Clerk's Entry of Default was entered on July 21, 2022.  (ECF No. 20, PageID. 320).

18.   Prior to the Clerk's Entry of Default as to defendant D&L Security Solutions, LLC, D&L Security Solutions, LLC engaged in a lengthy period of attempting to avoid service requiring Associated Industries Insurance Company to expend considerable time and expense including multi attempts to serve by process server (ECF No. 14-3, PageID. 301-302) and then having to file a motion for substituted service and comply with that order.  (ECF No. 14, PageID. 155; ECF No. 17, PageID. 310).

19.   The defendant Lacey Pollard also evaded service, is not a necessary party, and has been voluntarily dismissed.  (ECF No. 27, PageID. 370).

20.   Defendants Sydney O'Donnell and Ross O'Donnell have stipulated to the following order:

> IT IS ORDERED that the defendants Sidney O'Donnell and Ross O'Donnell shall not take any specific position or directly challenge the relief requested by plaintiff Associated Industries Insurance Company that it has no duty to provide coverage or a defense to Plaka Restaurant, LLC or any other party for any of the allegations and claims made against them in the underlying action filed by *Sidney*

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

*O'Donnell and Ross O'Donnell v Plaka Restaurant, LLC d/b/a Level Two, D&L Security Solutions, LLC and Lacey Pollard*, Wayne County Circuit Court, State of Michigan, Civil Action No. 21-013910-NO. (ECF No. 13, PageID. 152-154).

## ARGUMENT

### I.    STANDARD OF REVIEW.

For a Fed.R.Civ.P. 56 motion, summary judgment is appropriate "if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  For a Fed.R.Civ.P. 55(b)(2) motion for default judgment, a party who has not appeared personally or by representative does not have to be served with written notice of the motion.  In this case, no one has appeared on behalf of Plaka Restaurant, LLC or D&L Security Solutions, LLC.

### II.    GENERAL RULES OF INSURANCE CONTRACT ANALYSIS.

It is well-settled Michigan law that in determining any insurance policy dispute, the court must look to the language of the policy and interpret the terms in accordance with the same principals applied to other contracts.  *Henderson v State Farm,* 460 Mich 348, 353; 596 NW2d 190 (1999); *Auto-Owners v Churchman,* 440 Mich 560, 566-67; 489 NW2d 431 (1992).

In *Rory v Continental Ins Co,* 473 Mich 457, 468-69; 703 NW2d 23 (2005), the Supreme Court held that an unambiguous insurance policy is not open to judicial construction and must be enforced as written:

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

"A fundamental tenant of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be *enforced as written*."

## III.   THERE IS NO COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY COVERAGE BECAUSE THERE HAS BEEN NO "OCCURRENCE" AS DEFINED BY THE POLICY.

Coverage A Bodily Injury and Property Damage Liability requires that the insurance applies only if the "bodily injury" or "property damage" is caused by an "occurrence".  (ECF No. 1-2, PageID. 50).

The policy defines "occurrence" as:

". . . An accident, including continuous or repeated exposure to substantially the same general harmful conditions."  (ECF No. 1-2, PageID. 63).

The Michigan appellate courts have repeatedly held that: "An 'accident' is 'an undefined contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated and not naturally to be expected." *Skanska USA v MAP,* 505 Mich 368, 377; 952 NW2d 402 (2020). The Supreme Court elaborated on the meaning of "accident" in *Frankenmuth Mutual v Masters,* 460 Mich 105, 115-17; 595 NW2d 832 (1999), where the insured started a fire with the intention and/or desire of causing smoke damage, but the fire grew larger than anticipated, damaging surrounding properties.  The insureds claimed that the damage to the surrounding properties was an "accident."

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS   1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

The Supreme Court rejected this because the insured's actions created a direct risk of harm:

> However, where an insured does act intentionally, a problem arises "in attempting to distinguish between intentional acts that can be classified as 'accidents' and those that cannot." *Marzonie, supra* (Griffin, J., with Cavanagh, C.J., and Brickley, J., concurring). In such cases, a determination must be made whether the consequences of the insured's intentional act
>
> > either were intended by the insured or reasonably should have been expected because of the direct risk of harm intentionally created by the insured's actions. When an insured acts intending to cause property damage or personal injury, liability coverage should be denied, irrespective of whether the resulting injury is different from the injury intended. Similarly, . . . ***when an insured's intentional[]actions create a direct risk of harm, there can be no liability coverage for any resulting damage or injury, despite the lack of an actual intent to damage or injure***. [*Marzonie,* 447 Mich. at 648-649 (Griffin, J., with Cavanagh, C.J., and Brickley, J., concurring).]
>
> * * *
>
> Applying these principles to the case before us, viewed from the standpoint of the Masters, the fire, which was the underlying event, was caused by the Masters' intentional act. Also, there is no question that, in perpetrating the intentional act, the Masters intended to do property damage. Thus, the Masters' act cannot be characterized as an "accident," and there was no "occurrence" for purposes of coverage under either policy. ***It is irrelevant whether the harm that resulted, damage to the clothing store and surrounding businesses, was different from or exceeded the harm intended***, minor damage to the clothing inventory. [emphasis added.]

As set forth in the Statement of Material Facts, there is no allegation of any accident. The complaint only alleges an intentional assault and battery placing underlying plaintiff Ross "in a chokehold and violently pushed him against a wall

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS     A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

and shoved him into the ground" and "Defendant then struck Sidney in the face, causing her to fall face first into a nearby light pole." (ECF No. 1-1, PageID. 16). Count I – Assault and Battery alleges "intentional and unlawful threats" and "intentionally intended to, and did, cause harmful and offensive contact with Plaintiff through physical bodily contact by choking and shoving Ross to the ground and by striking Sidney." Count II – Intentional Infliction of Emotional Distress alleges that defendant's conduct was "for an ulterior motive or purpose; to wit: to physically harm Plaintiff and destroy Plaintiffs' reputation in the community . . ." Count III – False Imprisonment alleges that "Ross was imprisoned, restrained, detained, and confined by Defendant when he intentionally and willfully grabbed and held Ross by the neck and throat . . . Defendant accomplished the false imprisonment of Ross by actual physical force." (ECF No. 1-1, PageID. 18-20). Per these allegations, there cannot be a negligent or accidental: (1) assault and battery, (2) intentional infliction of emotional distress, or (3) false imprisonment.

In *Smorch v Auto Club,* 179 Mich App 125, 128-29; 445 NW2d 192 (1989), the court held that assaults and batteries are intentional acts even when not specifically labeled as intentional in a complaint.

In *Auto Club v Burchell,* 249 Mich App 468, 481, 483, 486; 642 NW2d 406 (2001), the underlying plaintiff's alleged both intentional assault and battery and

negligence.  The complaint was later amended to only allege a claim of negligence. The Court of Appeals held there could be no "occurrence" based on the allegations and that even if there was an "occurrence" coverage would be excluded by the expected or intended injury exclusion.

In *State Mutual v Russell,* 185 Mich App 521, 528; 462 NW2d 785 (1990), the underlying complaint alleged sexual assault, assault and battery, and negligence.  The court held that those were only transparent attempts to create insurance coverage.

In *Liberty Ins Corp v Bowles,* 36 FSupp3d 756 (ED Mich, 2014), this court dealt with a similar issue where the underlying complaint alleged that the defendant/insured struck the plaintiff in the head with his hand and fist, slammed plaintiff's head into the wall, etc.  This court held that plaintiff could plead alternative legal theories but they had to be consistent with the facts, that the only alleged facts constituted an intentional assault and that the allegations of negligence were nothing more than a "transparent attempt to trigger insurance coverage." *Supra* at 759-60.

## IV.    COVERAGE IS ALSO EXCLUDED BY POLICY EXCLUSIONS.

The Coverage A exclusions of the policy include exclusion (a) to exclude: "bodily injury" or "property damage" expected or intended from the standpoint of the insured.  (ECF No. 1-2, PageID. 51).  *Smorch v Auto Club, supra* at 128-29;

16

*Auto Club v Burchell, supra* at 482-83; *Century Mutual v Paddock,* 168 Mich App 747, 752-53 (1988); *Frankenmuth Mutual v Beyer*, 153 Mich App 118; 122-23; 395 NW2d 36 (1986); *State Mutual v Russell, supra* at 525-28; and *Liberty Insurance v Bowles, supra* at 760 all held that the expected or intended injury exclusion would also bar coverage for intentional acts despite allegations of negligence.

Coverage B exclusions include exclusion (a) Knowing Violation of Rights of Another and (b) Material Published With Knowledge of Falsity.  The allegations in the complaint only allege offenses caused by or at the direction of the insured "with the knowledge that the act would . . . inflict 'personal advertising injury'", and were "done by or at the direction of the insured with knowledge of its falsity" despite allegations of negligence.  (ECF No. 1-2; PageID. 54, 55).

**V.    THE EXCLUSION – ASSAULT AND BATTERY ENDORSEMENT ALSO EXCLUDES COVERAGE.**

It is also well-settled Michigan law that in the event of any conflict, an insurance policy endorsement prevails over any contrary term in the policy itself. In *Besic v Citizens Insurance,* 290 Mich App 19, 26; 800 NW2d 93 (2010), the Court of Appeals held: "[E]ndorsements by their very nature are designed to trump general policy provisions, and where a conflict exists between provisions in the main policy and the endorsement, the endorsement prevails."

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS   1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

The policy contains an EXCLUSION – ASSAULT AND BATTERY Endorsement.  It does not conflict with any provision of the policy but simply provides an additional exclusion which ***broadens*** the policy exclusions to exclude all claims "arising out of, in whole or in part, any assault and battery . . . ." which excludes coverage for every allegation and claim made against Plaka Restaurant in the underlying complaint for Count I – Assault and Battery, Count II – Intentional Infliction of Emotional Distress, Count III – False Imprisonment and Count IV – Negligence.  The endorsement exclusion states:

A.   The following Exclusion is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2. Exclusions** of **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**:

2.   **Exclusions**

Notwithstanding any other provision of this policy, this insurance does not apply to:

**Assault and Battery**

Any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury" arising out of, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever, including, but not limited to claims of negligent or improper hiring practices, negligent, improper or non-existent supervision of employees, patrons, or guests and negligence in failing to protect customers, patrons or guests. As used above,

"assault" and "battery" include sexual assault and/or sexual battery.

We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit. (ECF No. 1-2, PageID. 108).

This exclusion endorsement specifically applies to both Coverage A – Bodily Injury and Property Damage Liability and Coverage B – Personal and Advertising Injury Liability. This exclusion is intended to exclude any claim arising out of, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence. It further provides that it applies whether caused by or at the instigation of, or at the direction of the insured, his or her employees, customers, patrons, guests, or any cause whatsoever and specifically refers to negligent or improper hiring practices, negligent, improper or non-existent supervision of employees, patrons or guests and negligence in failing to protect customers, patrons or guests. This exclusion thus covers everything alleged in the underlying complaint, which all arise out of, in whole or in part, the alleged assault and battery.

In *Illinois Employers Insurance v Dragovich,* 139 Mich App 502; 362 NW2d 767 (1984), the policy contained an assault & battery exclusion for bodily injury or property damage "arising out of an assault or battery, provoked or unprovoked committed by an insured, by an employee or agent of the insured." This is far less comprehensive than the exclusion in the current case, but the court

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

19

granted summary disposition holding that the exclusion applied to any bodily injury claim arising out of an "assault or battery irrespective of the label accorded his claim. . . ."  139 Mich App at 507.

Similarly in *Century Surety v Charron,* 230 Mich App 79; 583 NW2d 486 (1998), once again the policy contained an assault and battery exclusion which was far less comprehensive than that in the current case holding that: "This construction comports with the policy language which refers to the commission of an assault or battery *or* the failure to suppress or prevent such action . . . by the insured" or by anyone else "for whom the insured is legally responsible."  230 Mich App at 85.

Similarly, in *United Specialty Insurance v Cole's Place,* 936 F3d 386 (6th Cir, 2019), once again it was alleged that the defendant/insured failed to take steps to protect the underlying plaintiffs from a shooting at the defendant's nightclub. The policy contained an assault and battery exclusion, which the court held applied to bar coverage.

As applied to the underlying complaint, the allegations against Plaka Restaurant in Count I – Assault and Battery, Count II – Intentional Infliction of Emotional Distress, Count III – False Imprisonment and Count IV – Negligence all assert "bodily injury" and "personal and advertising injury" for assault and battery, intentional infliction of emotional distress, false imprisonment and negligence

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

20

which were all alleged to arise out of, in whole or in part, the alleged assault and battery, altercation, misconduct or similar incident or act of violence.  Without such assault and battery, altercation, misconduct or similar act of violence, none of the claims would exist, thus they are all excluded from coverage.

## VI.   THE POLICY PROVISIONS ALSO EXCLUDE ANY DUTY TO DEFEND.

The policy provides for Coverage A Bodily Injury and Property Damage Liability for a duty to defend for "bodily injury" or "property damage" to which the insurance applies: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages . . ."  (ECF No. 1-2, PageID. 50). Similarly Coverage B Personal and Advertising Injury Liability also provides a duty to defend a claim for "personal and advertising injury" to which the insurance applies: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies.   We have the right and duty to defend the insured against any 'suit' seeking those damages . . ."  (ECF No. 1-2, PageID. 54).

Although the duty to defend is separate and distinct from the duty to provide coverage, there is no duty to defend if the policy does not apply.  *Protective National Insurance v Woodhaven,* 438 Mich 154, 159-60; 476 NW2d 374 (1991)

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

("Therefore, if the policy does not apply then the insurer does not have the duty to indemnify or defend the insured."); *American Bumper v Hartford Insurance,* 452 Mich 440, 450; 550 NW2d 475 (1996) ("If the policy does not apply, there is no duty to defend.").   In *Smorch v Auto Club, supra* at 130; *Auto Club v Berchell, supra* at 480-81; *Century Mutual v Paddock, supra* at 753-54; *Frankenmuth Mutual v Beyer, supra* at 122-23; *State Mutual v Russell, supra* at 528 and *Liberty Insurance v Bowles, supra* at 760, the courts all held that based on allegations similar to those in the current case, there was no duty to defend.

In addition, the EXCLUSION ASSAULT AND BATTERY Endorsement specifically states: "We shall have no obligation to defend you or any other insured, for any such loss, claim or suit."  (ECF No. 1-2, PageID. 108).

In addition, the policy contains an additional STANDARD ADDITIONAL EXCLUSIONS Endorsement which specifically provides:

3.      EXCLUSION – DUTY TO DEFEND

Section I – Coverages, paragraph 2. Exclusions of Coverage A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, and paragraph 2. Exclusions of Coverage B – PERSONAL AND ADVERTISING INJURY LIABILITY are amended to add the following:

Where there is no coverage under this policy, there is no duty to defend.  (ECF No. 1-2, PageID. 125).

This exclusion makes it clear that if there is no coverage, there is no duty to defend.

## VII.   THE POLICY ALSO EXCLUDES COVERAGE FOR PUNITIVE DAMAGES.

The underlying complaint contains claims for exemplary damages (ECF No.

1-1, PageID. 18-20).  The policy contains a specific EXCLUSION – PUNITIVE

DAMAGES Endorsement which provides:

> The following Exclusion is added to **SECTION I – COVERAGES,** paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** paragraph **2 Exclusions** of **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY** AND TO **section I – liquor liability coverage** paragraph **2. Exclusions**:
>
> **2.       Exclusions**
>
>> This insurance does not apply to:
>>
>> **Punitive Damages**
>>
>> Any claim of or indemnification for punitive or exemplary damages.  If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.  (ECF No. 1-2, PageID. 104).

This exclusion endorsement specifically excludes any obligation to pay for

any costs, interest, or damages attributable to punitive or exemplary damages.

## VIII.       ASSOCIATED INDUSTRIES INSURANCE IS ENTITLED TO DEFAULT JUDGMENT AGAINST THE DEFENDANTS PLAKA RESTAURANT, LLC AND D&L SECURITY SOLUTIONS, LLC THAT ASSOCIATED INDUSTRIES INSURANCE HAS NO DUTY TO PROVIDE COVERAGE OR A DEFENSE TO PLAKA RESTAURANT, LLC OR ANY OTHER PARTY FOR ANY OF THE CLAIMS MADE AGAINST THEM IN THE UNDERLYING ACTION.

First, the underlying plaintiffs, Sidney O'Donnell and Ross O'Donnell, have

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

stipulated and the court has ordered per the stipulation that: "Defendants Sidney O'Donnell and Ross O'Donnell shall not take any specific position or directly challenge the relief requested by plaintiff Associated Industries Insurance Company that it has no duty to provide coverage or a defense to Plaka Restaurant, LLC or any other party for any allegations and claims made against him in the underlying action . . ."  (ECF No. 13, PageID. 152-154).

Second, the defendants Plaka Restaurant, LLC and D&L Security Solutions, LLC have failed to plead or otherwise defend and the Clerk's Entry of Default was entered as to Plaka Restaurant, LLC on June 1, 2022 (ECF No. 16, PageID. 309) and the Clerk's Entry of Default as to the defendant D&L Security Solutions, LLC was entered on July 21, 2022 (ECF No. 20, PageID. 320).

Third, defendant Lacey Pollard has been voluntarily dismissed.  (ECF No. 27, PageID. 370).

Fourth, the law is clear as set forth in Associated Industries Insurance Company's pending motion for summary judgment and the law set forth in this brief that it is well settled and absolutely undisputed per all of the applicable case law on point that Associated Industries Insurance has no duty to provide coverage or a defense to Plaka Restaurant for any of the allegations made against Plaka Restaurant, LLC in the underlying action.

Attached hereto as Exhibit A is a proposed default judgment.

24

## RELIEF REQUESTED

It is respectfully requested that this Honorable Court enter default judgment in favor of plaintiff Associated Industries Insurance Company, Inc. and against defendants Plaka Restaurant, LLC and D&L Security Solutions, LLC that Associated Industries Insurance Company has no duty to provide coverage or a defense to Plaka Restaurant, LLC for any of the claims made against it in the underlying action.

Respectfully submitted

HARVEY KRUSE, P.C.

BY:   /s/ *Michael F. Schmidt*
  Michael F. Schmidt P25213
  Attorney for Plaintiff
  1050 Wilshire Dr., Suite 320
  Troy, Michigan 48084-1526
  (248) 649-7800
Dated:  January 20, 2023  mschmidt@harveykruse.com

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing pleading(s) has been electronically filed with the Clerk of the Court via the Electronic Case Filing system on the date shown below, which will send notice of filing to all attorneys of record.

/s/ Cheryl Pinter
Legal Assistant, Harvey Kruse, PC

DATED: January 20, 2023

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

25