UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**PLAKA RESTAURANT, LLC,** *et al.*,<br><br>Defendants. | 2:22-CR-10620-TGB-KGA<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(ECF NO. 28)** |

Plaintiff Associated Industries Insurance Company, Inc. moves for a default judgment against Defendants Plaka Restaurant, LLC and D&L Security Solutions, LLC under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 28.) Plaintiff sued Plaka, D&L Security Solutions (its security company), and a security guard, seeking an order declaring that it has no duty to provide coverage or defense to Plaka in a case filed in Wayne County Circuit Court by two of Plaka's patrons, No. 21-13910-NO. (ECF No. 1.) The two patrons, Sydney and Ross O'Donnell, allege in the state lawsuit that the guard assaulted them. The O'Donnells are also named as defendants in this case.

Plaka and D&L Security Solutions have failed to appear or defend the lawsuit in any way, and the Clerk of the Court has entered defaults against them. (ECF Nos. 16, 20.) Associated Industries voluntarily dismissed the security guard after being unable to locate him in order to

1

serve him with process. (ECF No. 27.) And the two patron defendants have stipulated that they do not oppose the relief that Associated Industries requests. (ECF No. 13.)

Once a default has been entered, a plaintiff's well-pleaded allegations are deemed admitted. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). But an entry of default does not guarantee that a default judgment will follow. *See Allstate Ins. Co. v. Cantrell Funeral Home, Inc.*, 506 F. Supp. 3d 529, 542 (E.D. Mich. Dec. 11, 2020) (Drain, J.). If the plaintiff's complaint alleges damages for a sum certain, the Clerk "on plaintiff's request, with an affidavit showing the amount due— must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). In all other cases, the party must apply to the Court. Fed. R. Civ. P. 55(b)(2).

The Declaratory Judgment Act authorizes the Court to "declare the rights and other legal relations of any interested party"—*i.e.*, to provide the kind of relief Associated Industries seeks—"[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. But the Court is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).

In determining whether to exercise jurisdiction under the Act, the Court must consider five factors, which are sometimes known as the *Grand Trunk* factors: (1) whether the declaratory action would settle the controversy; (2) whether the action would be useful in clarifying the legal

2

relations at issue; (3) whether the remedy sought is being used merely for "procedural fencing" or "to provide an arena for a race to res judicata;" (4) whether the declaratory action would improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *United Specialty Ins. Co. v. Cole's Place*, 936 F.3d 386, 396 (6th Cir. 2019) (citing *Grand Trunk W. R.R. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

In its motion, Associated Industries cites considerable Michigan case law discussing insurance policies. (ECF No. 28, PageID.391-404.) It has also submitted a copy of Plaka's insurance policy (ECF No. 1-2) and a copy of the first amended complaint in the state-court action (ECF No. 1-1). It does not, however, address the application of any of the *Grand Trunk* factors to this case.

At first glance, the first two *Grand Trunk* factors appear to weigh in favor of the Court exercising jurisdiction under the Declaratory Judgment Act, as it would clarify the duties of Associated Industries to the Defendants in the state-court litigation. *See United Specialty Ins. Co.*, 936 F.3d at 397. But the Court has insufficient information about the state-court litigation to complete its review of the remaining factors. Critically, a review of the state-court docket shows that cross-claims have been raised and default judgments have been entered in that litigation. Without being able to review those filings, however, the Court is unable

3

to properly evaluate whether its exercise of jurisdiction would encroach on matters that have already been raised in state court.

Accordingly, Associated Industries is **ORDERED** to submit a supplemental brief regarding the application of the *Grand Trunk* factors to this case within 14 days of the entry of this order. The supplemental brief must fully address the status of the state-court litigation, including whether Associated Industries is named as a party to that litigation and whether the issue of insurance coverage is currently being litigated in that case, whether by cross-claim or otherwise. If Defendants Sydney and Ross O'Donnell wish to file a response, they must do so within 7 days of the filing of the supplemental brief by Associated Industries. The Court will then determine whether a hearing is necessary to resolve the motion.

**IT IS SO ORDERED** this 8th day of February, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

4