UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**PLAKA RESTAURANT, LLC,** *et al.*<br><br>Defendants. | 2:22-CV-10620-TGB-KGA<br><br>**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF NO. 28)** |

In this matter, Plaintiff Associated Industries Insurance Company, Inc. asked the Court to enter a default judgment against Defendants Plaka Restaurant, LLC and D&L Security Solutions because they failed to answer the complaint (ECF No. 28). Before resolving this request, the Court ordered supplemental briefing to explain the status of state-court litigation related to this case (ECF No. 31). That briefing has been provided (ECF No. 32), and the Court will **GRANT** the request for a default judgment.

I. BACKGROUND

The Plaintiff in this case, Associated Industries, is an insurance company that issued a general commercial liability insurance policy to the Defendant, Plaka Restaurant. The policy covered certain instances of bodily injury and property damage but contained several exclusions—including exclusions for injuries that were "expected or intended from the

1

standpoint of the insured," as well as injuries that were "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another." ECF No. 1-2, PageID.50-51. There was also an express exclusion for claims of assault and battery:

> Notwithstanding any other provision of this policy, this insurance does not apply to:
>
> **Assault and Battery**
>
> Any claim or "suit" for bodily injury," "property damage," or "personal and advertising injury" arising out of, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests, or any cause whatsoever, including, but not limited to claims of negligent or improper hiring practices, negligent, improper or non-existent supervision of employees, patrons or guests. As used above, "assault" and "battery" include sexual assault and/or sexual battery.
>
> We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.

*Id.* at PageID.108.

In October 2021, two of Plaka's patrons sued Plaka in Wayne County Circuit, asserting that a security guard had placed one of them in a chokehold and struck the other in the face without reason or provocation. ECF No. 1-1; ECF No. 32, PageID.435. Some months later, Associated Industries filed this lawsuit against Plaka, D&L Security Solutions (its security company), and the security guard, seeking a declaration that it has no duty to provide coverage or defense to Plaka in

2

the state-court case, *O'Donnell v. Plaka Restaurant, LLC*, Wayne County Circuit Court, Civil Action No. 21-013910-NO. ECF No. 1.

Plaka and D&L Security Solutions failed to appear or defend the lawsuit in any way, and the Clerk of the Court entered defaults against them. ECF Nos. 16, 20. Meanwhile, Associated Industries dismissed its claims against the security guard after being unable to locate him to serve him with process. ECF No. 27. The two state-court plaintiffs, who are also named as defendants in this case, have stipulated that they do not oppose the relief that Associated Industries seeks. ECF No. 13.

After Associated Industries moved for entry of a default judgment in this case (ECF No. 28), the Court requested supplemental briefing regarding the status of the state-court case (ECF No 31). Having reviewed that briefing (ECF No. 32), the Court will resolve the motion.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of judgment by default. Once the Clerk enters a default, a plaintiff's well-pleaded allegations are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (Cleland, J.). But an entry of default does not guarantee that a default judgment will follow. *Allstate Ins. Co. v. Cantrell Funeral Home Inc.*, 506 F. Supp. 3d 529, 542 (E.D. Mich. 2020) (Drain, J.). If the plaintiff's complaint alleges damages for a sum certain or a sum that can be made certain by computation, the Clerk, "on the plaintiff's request, with an affidavit showing the amount due—must

3

enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). Otherwise, the party must apply to the Court. Fed. R. Civ. P. 55(b)(2).

### III. ANALYSIS

Count I of the Complaint asserts that no Defendant is entitled to coverage or defense under Plaka's insurance policy because there was no triggering "occurrence" and the altercation with the security guard that is the subject of the state-court lawsuit falls into an express exclusion. ECF No. 1, PageID.10-11. Under Michigan law, insurance policy exclusions are generally construed in favor of the insured. *Allstate Ins. Co. v. Keillor*, 537 N.W.2d 589, 591 (Mich. 1995). But clear and specific exclusions must be given effect to avoid imposing liability on an insurance company for a risk it did not assume. *Id.*

The face of the state-court complaint makes clear that the state-court case is about assault, battery, and negligent hiring and supervision. ECF No. 1-1. These kinds of claims are clearly and specifically excluded under the insurance policy.

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes the Court to provide the relief that Associated Industries seeks—*i.e.*, to "declare the rights and other legal relations of any interested party." But the Court is "under no compulsion" to exercise jurisdiction under the Act. *Brillhart v. Excess Ins. of Am.*, 316 U.S. 491, 494 (1942). Instead, it must weigh five factors, often called the *Grand Trunk* factors, in determining

4

whether to exercise jurisdiction: (1) whether the action would settle the controversy; (2) whether the action would be useful in clarifying the legal relations at issue; (3) whether the remedy sought is being used merely for the purpose of "procedural fencing" or "to provide an area for a race to res judicata;" (4) whether the action would improperly encroach on state jurisdiction; and (5) whether there is a more suitable alternative remedy. *United Specialty Ins. Co. v. Cole's Place*, 936 F.3d 386, 396 (6th Cir. 2019) (citing *Grand Trunk W. R.R. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

As the Court noted in its prior order concerning the motion for a default judgment, the first two *Grand Trunk* factors weigh in favor of the Court exercising jurisdiction under the Declaratory Judgment Act. A declaration that Associated Industries has no duty to defend or indemnify Plaka or D&L Insurance would settle the scope of insurance coverage and the insurance indemnity obligations and serve a useful purpose in clarifying the legal relations at issue. *United Specialty Ins. Co.*, 936 F.3d at 397-98 (collecting cases and observing that several courts agree that declaratory judgment concerning insurance coverage "settle[s] the controversy" and clarifies legal relations, especially when state-court plaintiffs are joined, because it resolves the dispute between the insurer and the insured over who will pay for the state-court litigation).

With the benefit of supplemental briefing, the Court now finds that the remaining factors also weigh in favor of exercising jurisdiction under the Declaratory Judgment Act.

As to the third factor, the Sixth Circuit has found evidence of improper "procedural fencing" when a declaratory-judgment plaintiff filed suit in apparent anticipation of state-court litigation. *United Specialty Ins. Co.*, 936 F.3d at 399. This is not a concern here: as the supplemental briefing explains, Plaka's patrons initiated the state-court suit months before Associated Industries filed this one, and Associated Industries is not a party to the state-court litigation.

As to the fourth factor, the Court finds that the declaratory action would not "improperly encroach upon state jurisdiction." *Grand Trunk*, 746 F.2d at 326. The liability issues being determined in state court are legally and factually distinct from the policy interpretation issue in this case. Put another way, the issue of whether the insurance policy excludes coverage for assault, battery, and negligent hiring is separate and distinct from whether Plaka should be found liable in the underlying case. The question of insurance coverage will not be litigated in state court. Moreover, nothing suggests that state court is a more appropriate or better-suited forum for resolving the narrow policy interpretation issue in this case. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008) (discussing subfactors to consider in evaluating whether declaratory action improperly encroaches on state jurisdiction).

6

Finally, the Court finds that the fifth factor—whether alternative remedies are available—does not heavily weigh in favor of declining to exercise jurisdiction. While Associated Industries could presumably file an action for a declaratory judgment in state court, nothing indicates that would be a better or more effective course of action.

In sum, Associated Industries has shown an entitlement to the relief it seeks, and the *Grand Trunk* factors weigh in favor of exercising discretion under the Declaratory Judgment Act in this case. Since there are no claims against the two state-court plaintiffs, and they have stipulated that they do not oppose the relief Associated Industries seeks, final judgment will enter in this case.

## IV.  CONCLUSION

For the reasons above, the motion for a default judgment (ECF No. 28) will be **GRANTED**. A separate judgment will follow. This a final order that closes the case.

**IT IS SO ORDERED**, this 15th day of May, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

7